United States Bankruptcy Court
Middle District of Tennessee

In re:             Case No. 21-02597-CMW
JULIE ANNE STAMPS             Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3      User: admin      Page 1 of 1
Date Rcvd: May 17, 2022      Form ID: pdf001      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | JULIE ANNE STAMPS, 2620 NEW SALEM HIGHWAY, APT R306, Murfreesboro, TN 37128-5485 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 17, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DANIEL CASTAGNA | on behalf of Debtor JULIE ANNE STAMPS cm-ecf@jamesflexerconsumerlaw.com cmecf@ecf.courtdrive.com;castagnadr90985@notify.bestcase.com;szathmarylr90985@notify.bestcase.com |
| HENRY EDWARD HILDEBRAND, III | hhecf@ch13nsh.com |
| PRA Receivables Management, LLC | claims@recoverycorp.com |
| RODNEY LEWIS CALDWELL | on behalf of Debtor JULIE ANNE STAMPS cm-ecf@jamesflexerconsumerlaw.com cmecf@ecf.courtdrive.com |
| US TRUSTEE | ustpregion08.na.ecf@usdoj.gov |

TOTAL: 5

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/17/2022



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                        )
                              )
JULIE ANNE STAMPS             )    Case No. 21-02597-CW3-13
                              )    Chapter 13
    Debtor.                   )    Judge Walker

### ORDER APPROVING SETTLEMENT OF CLAIM AGAINST THE LAMPO GROUP

This matter came to be heard on May 4, 2022, on the Trustee's motion to approve the settlement of an employment-related claim against the Lampo Group. At the call of the docket, the Trustee described the reasons he believed that the proposed settlement was in the best interest of the estate and stated that he had served a copy of the motion requesting approval of the settlement on all parties and that no party had voiced any opposition. Debtor's counsel was present and affirmatively stated that the debtor had no opposition to the proposed settlement. It is, therefore,

ORDERED, the Court finds that the proposed settlement is in the best interest of the estate, based on a determination that the proposed settlement would provide sufficient funds to pay all allowed claims in full—including the debtor's nondischargeable student loan debt, an unsecured claim asserted by the debtor's mother, and the approved fees for the attorneys representing the debtor in the litigation—and that it would also generate surplus funds that would accrue to the debtor; it is further

ORDERED, the Trustee is authorized to settle the estate's claims against The Lampo Group, LLC, on the terms in the settlement agreement attached to this order and filed with the Trustee's motion to approve the settlement; it is further

ORDERED, in accordance with the settlement agreement, The Lampo Group shall remit settlement funds in the amount of $76,900 to the Trustee; it is further

ORDERED, upon receipt of the Settlement Funds, the Trustee is authorized to release, on behalf of the estate, all claims against The Lampo Group, including its subsidiaries and affiliates, and their respective officers, directors, employees and owners, and shall voluntarily dismiss the lawsuit with prejudice; it is further

ORDERED, the Trustee shall disburse the settlement funds in accordance with the terms of the confirmed plan and other orders of the Court, in the following estimated amounts:

(1) Allowed claims in the bankruptcy case will be paid in full (currently $43,093.44);
(2) Special counsel Heather Collins will be paid fees in the amount of $12,450 and costs of $402 as specified in the agreed order at docket entry 48;
(3) The debtor's bankruptcy counsel, Flexer Law, PLLC, will be paid the amount required to satisfy the balance of the fees awarded by the Court (currently $2,610.80);
(4) The Trustee will collect a commission under 11 U.S.C. § 586 (approximately $2,955);
(5) The debtor will receive the remainder of any funds held by the Trustee (approximately $15,394 based on the figures as of the submission of this order to the Court); it is further

ORDERED, the settlement will fully resolve any claims the debtor has against The Lampo Group, LLC; it is further

ORDERED, the Court shall retain jurisdiction to resolve any disputes arising out of the Settlement Agreement.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

ORDER APPROVED FOR ENTRY BY:

/s/ James M. Davis
James M. Davis
Counsel to the Chapter 13 Trustee
P. O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-242-3241
www.ch13nsh.com
pleadings@ch13nsh.com

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among The Lampo Group, LLC d/b/a/ Ramsey Solutions ("Lampo") and Henry E. Hildebrand, III ("Trustee"), Trustee of the Chapter 13 bankruptcy case filed by Julie Anne Stamps ("Debtor"). Lampo and the Trustee may be referred to throughout this Agreement individually as a "Party" or collectively as the "Parties."

## RECITALS

a. The Debtor is the debtor in bankruptcy case number 21-02597-CW3-13 ("Bankruptcy Case"), filed under Chapter 13 of title 11 of the United States Code and pending in the United States Bankruptcy Court for the Middle District of Tennessee ("Bankruptcy Court").

b. The Trustee was appointed Chapter 13 Trustee under 28 U.S.C. § 586(b).

c. Lampo is a closely held private limited liability company organized under the laws of the State of Tennessee.

d. The Debtor has asserted claims of employment discrimination and/or retaliation under federal and state laws against Lampo and filed a lawsuit seeking monetary damages in the U.S. District Court, Middle District of Tennessee styled *Julie Anne Stamps v. The Lampo Group, LLC* Case No. 3:21-cv-00746 ("Claims").

e. As a result of the filing of the Chapter 13 voluntary petition, the Claims constitute property of the estate under 11 USC § 541. The cause of action, as property of the estate, has not revested in the debtor.

f. The Parties have agreed to settle the Claims subject to the terms and conditions set out herein.

NOW, THEREFORE, for and in consideration of the promises and of the mutual covenants set forth herein, the adequacy of which is acknowledged by the Parties, it is hereby agreed as follows:

## AGREEMENT

1. The recitals are incorporated herein as material terms of this Agreement.

2. The Parties acknowledge that this Agreement shall not become enforceable or effective unless and until the Bankruptcy Court approves the Agreement in a final order.

3. Lampo shall remit to the Trustee settlement funds in the amount of $76,900 ("Settlement Funds") by May 1, 2022.

4. Upon receipt of the Settlement Funds, the Trustee shall release, on behalf of the estate, all Claims against Lampo, including its subsidiaries and affiliates, and their respective officers, directors, employees and owners, and shall voluntarily dismiss the Claims with prejudice.

5. The Agreement shall be binding on the Parties and their respective successors, assigns and transferees. No other person or entity is an intended third-party beneficiary of the Agreement, except for persons and entities associated with the Parties to this Agreement.

6. This Agreement may be signed in several counterparts, but all when taken together shall constitute but a single document when executed by all Parties. This Agreement shall not constitute the agreement of the Parties until the Bankruptcy Court enters an order approving this Agreement.

7. The Parties knowingly and voluntarily execute this Agreement. The Parties have read and thoroughly reviewed this entire Agreement and fully understand it. Each Party hereto warrants to each other Party that such Party has full power and authority to execute and deliver this Agreement.

8. If any one or more sections of this Agreement is found to be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining sections contained herein shall not in any way be affected or impaired thereby. In addition, if any section is found to be partially enforceable, then it shall be enforced to that extent. A court of competent jurisdiction shall have the authority to revise the language to the extent necessary to make any such section or covenant of this Agreement enforceable to the fullest extent permitted by law.

9. Each Party acknowledges and agrees that no representations or promises have been made to or relied upon by any of them or by any person acting for or on their behalf in connection with the subject matter of this Agreement that are not specifically set forth herein. All representations and promises made by any Party to another, whether in writing or orally, are understood by the Parties to be merged in this Agreement and have no force or effect other than expressed in the body of this Agreement.

10. This Agreement and all documents and instruments executed in connection herewith or in furtherance hereof, may not be amended, modified or supplemented except by an instrument in writing signed by the Parties.

11. Except as otherwise provided above, the Parties shall bear their own costs, expenses, and attorneys' fees relating to this matter.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising out of this Agreement.

**[SEPARATE SIGNATURE PAGES TO FOLLOW]**

**CHAPTER 13 TRUSTEE:**

_____
Date: _____

**THE LAMPO GROUP, LLC:**

By: _____
Title: _____
Date: _____

```
This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.
```